UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20214-CR-GAYLES/OTAZO-REYES

UNITED STATES OF AMERICA,

v.

ALVARO Y. CORTES,
OLGA L. AYA RODRIGUEZ,
LUIS DAVID CUARTAS GAVIRIA,
JUAN PABLO CUARTAS GAVIRIA,
AQUARIUM MARKETING CORP., and
PLANET EXPRESS CARGO AND
COURIER CORP.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE came before the undersigned by Order of Reference from United States District Judge Darrin P. Gayles and the consent of the parties for the acceptance by a United States Magistrate Judge of a guilty plea by Defendant Juan Pablo Cuartas Gaviria ("J. Gaviria"). Pursuant to such reference the undersigned conducted a change of plea hearing on November 25, 2019, which was attended by J. Gaviria, his attorney, Jason W. Kreiss, and Thomas Watts-Fitzgerald, Assistant United States Attorney. The undersigned hereby advises as follows:

    1. At the commencement of the change of plea proceedings, the undersigned advised J. Gaviria that he had a right to have these proceedings conducted by the United States District Judge assigned to this case. J. Gaviria was advised that a Magistrate Judge was conducting these proceedings by Order of Reference from the District Judge. The undersigned confirmed that J. Gaviria, his attorney, and the Assistant United States Attorney to whom this cause is assigned, consented to the undersigned conducting these proceedings. The undersigned advised J. Gaviria

that the sentence will be imposed by the District Judge, who will make all findings and rulings regarding such sentence and will conduct a sentencing hearing at a time to be scheduled by the District Judge.

2. The undersigned then conducted a plea colloquy with J. Gaviria consistent with the outline set forth in the Bench Book for U.S. District Court Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

3. The undersigned advised J. Gaviria of the sentence possibilities as to the charges set forth in the Superseding Information to which he was tendering a guilty plea, as well as the possible fines and terms of supervised release. J. Gaviria was advised that Count 1 of the Superseding Information to which he was pleading guilty carries a maximum term of imprisonment of up to 1 year, followed by a term of supervised release of up to 1 year. Additionally, the District Judge may impose a fine of up to $100,000, or the greater of twice the gain or loss arising under the relevant conduct, and may order restitution. J. Gaviria was also advised that he may be subject to deportation and that there is a mandatory special assessment of $25.00 that will be imposed.

4. J. Gaviria acknowledged that he was fully satisfied with the services of his attorney and that he had a full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

5. J. Gaviria pled guilty to Count 1 of the Superseding Information, namely trafficking in wildlife, in violation of Title 16, United States Code, Sections 3372(a)(1), 3373(d)(2).

6. The government submitted a factual proffer for the guilty plea which consisted of all of the essential elements of the offense to which J. Gaviria pled guilty.

7. J. Gaviria was informed that a Pre-Sentence Investigation Report will be ordered by the District Judge. J. Gaviria will remain on conditional release pending imposition of sentence. The

sentencing hearing will be conducted by the District Judge at a time to be scheduled by the District Judge.

Accordingly, and based upon the foregoing and the plea colloquy conducted in this Cause, the undersigned hereby

RECOMMENDS that J. Gaviria be found to have freely and voluntarily entered his guilty plea to the offenses charged in Count 1 of the Superseding Information, that his guilty plea be accepted, that he be adjudicated guilty of such offense, and that a sentencing hearing as scheduled by the District Judge be conducted for a final disposition of this Cause.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 25th day of November, 2019.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Darrin P. Gayles
    Counsel of Record